**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI
        JUDGE**

# LETTER OPINION

September 14, 2010

Kenneth Zahl
3 Cambridge Road
Morristown, NJ 07960
    *Pro Se Plaintiff*

Michael George McNally, Esq.
Kroll Heineman LLC
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, NJ 08830
    *Attorneys for Defendant*

    Re:   *Zahl v. Local 641 Teamsters Welfare Fund*
          Civil Action No. 09-1100

Dear Litigants:

    This matter comes before the Court on the motion filed by *pro se* plaintiff Kenneth Zahl, M.D. ("Zahl") seeking reconsideration of the Court's May 12, 2010 Opinion and Order which granted summary judgment in favor of Defendant Local 641 Teamsters Welfare Fund (the "Fund") and dismissed Zahl's complaint with prejudice.  Plaintiff presumably seeks relief pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i), although he does not specify.  Oral arguments were not held.  Fed. R. Civ. P. 78.  For the reasons stated below, Plaintiff's motion is **DENIED WITH PREJUDICE.**

1

**I.    BACKGROUND**

Giselle Sanfillippo ("Sanfillippo") was an eligible beneficiary of a health care plan (the "Plan") administered by the Fund. (Defendant's L.Civ.R. 56.1 Statement of Undisputed Facts, hereinafter "Def. Stmt.," ¶ 2). The Plan, which meets the statutory definition of an "employee welfare benefit plan" as set out in ERISA, 29 U.S.C. §§ 1001 *et seq.*, provides reimbursement for treatments that are "medically necessary" only. (*Id*. at ¶¶ 4, 9; Certification of Michael McNally, hereinafter "McNally Certif.," Exh. A; Plaintiff's Opposition Brief to Defendant's Motion for Summary Judgment and Counterstatement of Facts, hereinafter "Pl. Counterstatement," at 2). Under the terms of the Plan, medical necessity is determined by the Fund, which may request a recommendation from an independent, third party medical review board to assist in its decision. (Def. Stmt. ¶¶ 9, 13; McNally Certif. Ex. A). The Plan mandates that in the event of a dispute over a medical necessity determination, the parties must submit to arbitration before a lawsuit may be filed. (Def. Stmt. ¶ 11; McNally Certif. Ex. A). In addition, the Plan permits the assignment of benefits, in the form of payment due only, from a patient to a doctor. (Def. Stmt. ¶ 12, McNally Certif. Ex. A).

In December 2005, Sanfillippo sought medical treatment for chronic back pain. (Def. Stmt. ¶ 14; McNally Certif. Ex. B). Dr. Zahl, her treating physician, installed a trial spinal cord stimulator into her spine. (*Id*. at 2). However, because the desired results were not achieved, he removed the device and declined to install a permanent stimulator. (*Id*.). Plaintiff, who alleges that Sanfillippo assigned him her benefits under the Plan, then submitted a claim for $15,956.00 to the Fund. (Def. Stmt. ¶ 2). The Fund forwarded Plaintiff's claim to United Review Services ("URS"), an independent medical review board, to determine whether the procedure was medically necessary and therefore covered. (*Id*. at ¶¶ 13, 17; McNally Certif. Ex. C). URS recommended denial of the claim. (Def. Stmt. ¶ 18; McNally Certif. Ex. C).

On August 21, 2006, the Fund adopted URS's recommendation, denied the claim in total, and issued a letter explaining the denial and the appeals process, including the mandatory arbitration process. (Def. Stmt. ¶ 21; McNally Certif. Ex. E; Pl. Counterstatement at 3). Although the Fund maintains that this letter was sent to both Sanfillippo and to Plaintiff and has even attached an affidavit and copies of internal records to that effect, Plaintiff claims that he does not have a copy of the letter in his files and therefore that he never received it. (Affidavit of Mary Anne Gerlach, hereinafter "Gerlach Aff.," ¶¶ 2-6, Ex. A; Plaintiff's Brief in Support of Reconsideration, hereinafter "Pl. Br." at 2-3). Shortly thereafter, Sanfillippo wrote a letter to the Fund, which the Fund treated as an appeal. (Def. Stmt. ¶¶ 22-23; McNally Certif. Ex. F). On appeal, the Fund denied the claim a second time and issued a second letter, which Zahl acknowledges receiving. (Def. Stmt. ¶ 24; McNally Certif. Ex. G; Pl. Br. at 3). The second letter did not contain any statements regarding the appeals process or mandatory arbitration.

As Plaintiff admits, at no time did he seek to submit to arbitration. (Def. Stmt. ¶

26; Pl. Counterstatement at 3). Instead, Zahl filed a lawsuit in state court, which was removed to federal court by Defendant. (CM/ECF Docket Entry No. 1). On May 12, 2010, the Court granted Defendant's motion for summary judgment, on the grounds that Plaintiff had failed to exhaust all administrative remedies, and dismissed the Complaint with prejudice. (*Id*. at Nos. 13-14). The Court did not reach the merits of Plaintiff's underlying claim. Presently before the Court is Plaintiff's motion for reconsideration.

## II.  ANALYSIS
### A.  Standard of Review

A motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i) is an "extremely limited procedural vehicle," and "requests pursuant to these rules are to be granted sparingly." *See In re Audible, Inc. Securities Litigation,* 2007 WL 4546823 (D.N.J.). The Third Circuit has consistently held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

To prevail on a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law, (2) the existence of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 353 (D.N.J. 1992).

Significantly, a motion for reconsideration may not be used to re-litigate old matters or to argue new matters that could have been raised before the original decision was reached. *P. Schoenfeld Asset Mgmt.*, 161 F.Supp.2d at 352. A party seeking reconsideration must show more than a disagreement with the Court's decision. Recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden. *Id.*

### B.  Plaintiff's Motion for Reconsideration—Additional Arguments He Seeks to Put Before the Court

In support of his motion for reconsideration, Plaintiff's primary argument is that the Plan's arbitration requirement should not apply to him because he never received a copy of the letter from the Fund that explained the appeals process and therefore was unaware of it. (Pl. Br. at 2-5). He also argues that the URS review of his claim was improper, because it was conducted by a registered nurse and not a doctor. (*Id*. at 1). He explains that while he could have made these arguments in his original opposition brief, he is litigating numerous other cases in the District of New Jersey and therefore ran out of time to do so. (*Id*. at 1-2). He also states that had he known he could have requested leave to file a sur-reply, he would have done so and presented these arguments to the Court before the issuance of the May 2010 opinion. (*Id*. at 1).

However, Plaintiff plainly misconstrues the purpose of a motion for

reconsideration. As described above, a motion for reconsideration is to be used in circumstances where an intervening change in controlling law has taken place place, a party learns of new evidence that was unavailable before the court issued its opinion, or the court itself overlooked material facts or arguments that the parties had properly brought to its attention. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d at 1218. It is not to be used to address facts or arguments that could have been raised before the original decision was reached but were overlooked by the parties. *P. Schoenfeld Asset Mgmt.*, 161 F.Supp.2d at 352. The fact that Plaintiff allegedly "ran out of time" due to other active cases on the docket does not in any way make Plaintiff's claim more appropriately brought in a motion for reconsideration.

  Moreover, even if the Court were to consider Plaintiff's additional arguments, they are unavailing. The Court dismissed Zahl's complaint for procedural reasons, namely that Plaintiff had not exhausted his administrative remedies, and declined to reach the merits of the case. (*See* Opinion dated 5/12/2010 at 4). Therefore, the propriety of URS's review services is not relevant and would not have any effect on the Court's decision. In addition, Plaintiff's claim that he never received a copy of the Fund's denial letter is neither credible nor material. Plaintiff reaches this conclusion solely in reliance upon the fact that he currently does not have a copy of the letter in his files. (Pl. Br. at 2-3). However, Defendant has attached an affidavit stating that it is the Fund's policy to mail a copy of all denial of benefits letters to the relevant medical service provider and that in this instance, a copy was sent to Zahl. (*See* Gerlach Aff. at ¶¶ 2-6). Defendant also attached a copy of its internal records to this effect. (*Id*. at Ex. A). Finally, even if Plaintiff did not ever receive the letter or was otherwise unaware of the arbitration requirement, this is also irrelevant to the outcome of the case. The arbitration requirement was clearly stated in the Summary Plan Document. Moreover, ignorance of an arbitration requirement does not relieve a claimant of that obligation. It clear that this Court has no authority to address an ERISA benefits claim unless and until the claimant has exhausted all administrative remedies under the plan. *See Henshaw v. Roofers Local No. 4 Pension Fund*, 2006 WL 2715138, *2 (D.N.J. September 22, 2006).

  Lastly, Plaintiff's argument that he would have filed a sur-reply had he known such an avenue for relief existed is equally without merit. (Pl. Br. at 1). As Plaintiff notes, a sur-reply can only be filed with leave of the court. (*Id*; L. Civ. R. 7.1(d)(6)). Furthermore, a sur-reply is meant only to address new issues raised by the opposing party for the first time in a reply brief. *See G.O.D., Inc. v. USF Corp., Inc*., 2007 WL 2904198, FN2 (D.N.J. October 2, 2007). It is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief. *Id*. Because Plaintiff concedes he wanted to file a sur-reply precisely to provide the Court with information that was previously available to him and not implicated by Defendant's reply brief, it is highly unlikely the Court would have granted him leave. Furthermore, as described above, these additional arguments pertaining to the denial letter and the propriety of the URS review would not have affected the outcome of the case, because summary judgment was granted for procedural reasons. Therefore, even if the Court had granted Plaintiff leave to file a sur-reply and he had made these arguments, the Court still

would have had no choice but to grant the motion for summary judgment in favor of Defendant and dismiss the Complaint.

### C. Plaintiff's Additional Request

Plaintiff's motion for reconsideration also requests leave to change the defendant in the case from the Fund to Sanfillippo. Such a request is not cognizable in a motion for reconsideration. This request must be denied at this juncture.

### III. CONCLUSION

For the reasons stated above, there is no basis to reconsider the Court's May 12, 2010 letter opinion. Plaintiff's motion is denied with prejudice. The May 12, 2010 letter opinion and order granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint with prejudice shall remain in place. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**